Dear Mayor Fornea:
This office is in receipt of your request for an opinion of the Attorney General. You present two questions as follows:
 1. May an employee of Washington Correctional Institute be a paid employee of the Village of Varnado's police department; and
 2. Does the Mayor of the Village of Varnado have authority to discipline a police officer who violates the ordinance on use of Village police cars.
We have confirmed by telephone that the employee in question with the Washington Correctional Institute is a full-time state employee and the proposed position in the Village police department would be a full-time appointed position as assistant to the Chief of Police.
It is pertinent to note that under R.S. 42:62 an "appointive office" includes a position authorized by ordinance of any political subdivision which is filled by an elected public official or a governmental body composed of such officials of this state or political subdivision. "Employment" includes any job compensated on a salary or per diem basis other than an elective or appointive office in which a person is an employee of a political subdivision. Additionally, "full time" is defined as the period of time a person is expected to work in an appointive office or employment which is at least seven hours per day of work for at least thirty-five hours per week of work.
R.S. 42:63(E) prohibits a person holding a full-time appointive office or full-time employment in state government or a political subdivision thereof from holding at the same time another full-time appointive office or full-time employment in the state or a political subdivision.
Therefore, on the basis that both positions in question are full-time positions they are prohibited under the dual officeholding law. However, if either position is part-time they would not fall within the prohibition.
With regard to your second question, in Atty. Gen. Op. No. 93-323 this office was presented with the question "which official or officials may discipline municipal police officers". It was concluded in a Lawrason Act community although the elected chief of police has authority to make recommendations to the mayor and board of aldermen to effect disciplinary action, only the board of aldermen is vested with the authority to take corrective or disciplinary action against a municipal police officer, R.S. 33:423.
However, if the Chief of Police is not elected, R.S. 33:404
gives the Mayor authority to supervise and direct the administration and operation of all municipal departments and this would include discipline of municipal employees of the police department. It is significant to note that this is not applicable to a police department with an elected Chief of Police.
Consequently, the Mayor's authority to discipline a village police officer depends upon whether the village has an elected Chief of Police or not.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General